The Honorable Jim Argue State Senator 5300 Evergreen Drive Little Rock, AR 72205-1814
Dear Senator Argue:
I am writing in response to your request for my opinion on the following questions, which you report having been asked to submit on behalf of a constituent:
 1. Pertaining to A.C.A. § 26-37-205. May a "former owner" assign their [sic] rights to excess funds to a 2nd party, thus allowing the 2nd
party to claim collect the excess funds?
 2. Pertaining to A.C.A. § 26-37-204. What constitutes proof that land sold at a tax sale is "nonexistent"?
 3. If land is purchased at a tax sale and is occupied by a tenant of the former owner, what means may the new owner use to evict the tenant of the former owner?
4. What legal rights does the tenant have in the property?
 5. If land is purchased at a tax sale is occupied by the former owner, what means may the new owner use to eject the former owner?
RESPONSE
The first of your questions appears to be identical to one I recently declined to answer in the enclosed Ark. Op. Att'y Gen. No. 2002-051. As I noted in my previous opinion, by statute, I am expressly prohibited from engaging in the private practice of law. A.C.A. § 25-16-701. Each of the questions posed by your constituent appears to relate to a private dispute among various claimants to a particular piece of property — a dispute that may well become the subject of litigation. Not only is this office prohibited from handling such private matters, it has further long avoided, as an arm of the executive branch of government, opining on issues that are or appear inevitably bound to become subject to judicial resolution. Accordingly, I must respectfully decline to answer your questions.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh
Enclosure